IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HANDONG WEN,**<br>    **Plaintiff,**<br><br>  v.<br><br>**ROBERT E. WILLIS and FOXCODE, INC.,**<br>    **Defendants.** | CIVIL ACTION<br><br>NO.  15-1328 |

## ORDER

  **AND NOW**, this 18th day of December, 2015, upon consideration of Third-Party Defendant Xiangyun Kong's ("Kong") Motion to Dismiss [ECF No. 35] the Third Party Complaint [ECF No. 27], Third-Party Plaintiffs Robert E. Willis ("Willis"), Foxcode, Inc. ("Foxcode"), and Foxcode Capital Markets, LLC's ("FCM") Response in Opposition thereto [ECF No. 38], and Kong's Reply in Support [ECF No. 41], **IT IS ORDERED** that the motion to dismiss the third-party complaint is **GRANTED WITHOUT PREJUDICE**.[1]

                       BY THE COURT:

                       /S/WENDY BEETLESTONE, J.
                       _____
                       WENDY BEETLESTONE, J.

---

[1] A third-party complaint is proper where the original defendant seeks relief under a theory of secondary or derivative liability, that is, "when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant." *F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994); *see also* Fed. R. Civ. P. 14.  Willis, Foxcode, and FCM seek indemnity and contribution from Kong on the ground that "[a]ny material misrepresentations [to Plaintiff] . . . were made by Kong," and "Kong alone committed such fraud . . . ." Compl. at ¶¶ 21-22.  Similar allegations are made concerning breach of fiduciary duty: "Kong owed Plaintiff a fiduciary duty . . . To the extent that Kong did not act in Plaintiff's best interest . . . Kong breached his fiduciary duty to Plaintiff . . . ." Compl. at ¶¶ 25-26.  Taken as true, these allegations would render Kong liable to Plaintiff, not secondarily liable to Willis, Foxcode, or FCM.  "A defendant may only use Rule 14 to implead a third-party defendant where the third-party defendant is, or may be, liable to the defendant derivatively or secondarily, and not to join a person who is or may be liable *solely to the plaintiff*." *Naramanian v. Greyhound Lines, Inc.*, 2010 WL 4628096 (E.D.Pa. Nov. 15, 2010) (citing *F.D.I.C.*, 27 F.3d at 873) (emphasis added).  In this regard, the third-party Complaint fails to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  As currently written, the Complaint fails to allege that Kong may be liable to them, rather than directly to Plaintiff.  Accordingly, the motion to dismiss shall be granted without prejudice to file an amended third party complaint