IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------X
                                                     :
HANDONG WEN,                                         :
                                                     :   Civil Action No. 2:15-cv-01328-WB
                                                     :
                Plaintiff,                           :
                                                     :
    -against-                                        :
                                                     :
ROBERT E. WILLIS, FOXCODE, INC. and                  :
FOXCODE CAPITAL MARKETS, LLC,                        :
                                                     :
                                                     :
                Defendants.                          :
                                                     :
-----------------------------------------------------X
                                                     :
ROBERT E. WILLIS, FOXCODE, INC. and                  :
FOXCODE CAPITAL MARKETS, LLC,                        :
                                                     :
                Third-Party Plaintiffs,              :
                                                     :
    -against-                                        :
                                                     :
XIANGYUN KONG a/k/a BEN KONG,                        :
                                                     :
                Third-Party Defendant.               :
                                                     :
-----------------------------------------------------X
```

**DEFENDANTS' SUPPLEMENTAL BRIEF**

Defendants Robert E. Willis ("Willis"), Foxcode, Inc. ("Foxcode"), and Foxcode Capital Markets, LLC ("FCM") (collectively "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, hereby submit their Supplemental Brief in Support of their Motion for Summary Judgment (Dkt. No. 78), in Opposition to Plaintiff Handong Wen's ("Plaintiff" or "Wen") Motion for Summary Judgment (Dkt. No. 80), and in Opposition to Third Party Defendant Xiangyun Kong a/k/a Ben Kong's ("Third Party Defendant" or "Kong") Motion for Summary Judgment (Dkt. No. 79). Defendants submit this Supplemental Brief in accordance with this

35633402v.3

Court's October 28, 2016 Order (Dkt. No. 93) requesting additional briefing on the following two issues:

(1) Does Pennsylvania or Delaware law apply to determine alter ego liability in relation to Foxcode and/or Foxcode Capital Markets?

(2) If Delaware law applies, should the corporate veil of Foxcode and/or Foxcode Capital Markets be pierced?

Defendants responds to the above inquiries respectfully showing the Court as follows:

## ARGUMENT AND CITATION TO AUTHORITY

**A.   Delaware Law Applies to Determine Alter Ego Liability in Relation to Foxcode and/or Foxcode Capital Markets**

As this Court noted in its October 28, 2016 Order, Pennsylvania courts apply the internal affairs doctrine and look to the law of the state of incorporation for the substantive law to govern the internal affairs of a corporation.  15 Pa. Stat. and Cons. Stat. Ann. § 4145(a).  Federal Courts in Pennsylvania have applied the internal affairs doctrine to claims seeking to pierce the corporate veil and held that the law of the state of incorporation will apply to that claim.  *See Guinan v. A.I. duPont Hosp. for Children*, 597 F. Supp. 2d 485, 495 (E.D. Pa. 2009), rev'd sub nom. *M.G. ex rel. K.G. v. A.I. Dupont Hosp. for Children*, 393 F. App'x 884 (3d Cir. 2010) (holding that Delaware law applied to the underlying claims, however, since the entity whose veil was sought to be pierced was incorporated in the state of New York, New York law applied to the issue of piercing the corporate veil); *Morelia Consultants, LLC v. RCMP Enterprises, LLC*, No. 3:10-CV-00432, 2010 WL 7408501, at *16 (M.D. Pa. July 21, 2010), objections sustained, No. 3:10CV432, 2011 WL 4021070 (M.D. Pa. Sept. 9, 2011) (applying Pennsylvania law to the underlying claims, however, since RCMP is a Pennsylvania corporation and United Penn was a Florida corporation, Plaintiff's claim for piercing the corporate veil was reviewed under the laws of Pennsylvania and Florida, respectively).

Defendants also submit that under Pennsylvania's choice of law analysis, which involves a weighing of the state interests and contacts in the present case, Delaware has a greater interest in claims that are directed to disregarding the very viability of entities created and governed by Delaware law. *See Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 136 (E.D. Pa. 2007). Therefore, based on the foregoing case law, this Court should apply Delaware law in determining whether the corporate veil of FCM and Foxcode should be pierced.

**B.     The Corporate Veil of Foxcode and/or Foxcode Capital Markets Should Not Be Pierced**

In determining whether a person or entity is the alter ego of another entity such that the corporate form should be disregarded, Delaware analyzes the same factors as the Third Circuit and Pennsylvania, including: (1) whether the corporation was adequately capitalized for the corporate undertaking; (2) whether the corporation was solvent; (3) whether dividends were paid, corporate records kept, officers and directors functioned properly, and other corporate formalities were observed; (4) whether the dominant shareholder siphoned corporate funds; and (5) whether, in general, the corporation simply functioned as a facade for the dominant shareholder. *MicroStrategy Inc. v. Acacia Research Corp.*, No. CIV.A. 5735-VCP, 2010 WL 5550455, at *11 (Del. Ch. Dec. 30, 2010); *Mason v. Network of Wilmington, Inc.*, No. CIV.A. 19434-NC, 2005 WL 1653954, at *3 (Del. Ch. July 1, 2005).

Although Pennsylvania and the Third Circuit have a high bar for piercing the corporate veil, Delaware's bar is even higher, however. *MicroStrategy Inc.*, 2010 WL 5550455, at *11; *Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*, 752 A.2d 1175, 1183–84 (Del. Ch. 1999) ("Persuading a Delaware court to disregard the corporate entity is a difficult task."); *Sears, Roebuck & Co. v. Sears plc*, 744 F. Supp. 1297, 1305 (D. Del. 1990) ("It is only the exceptional case where a court will disregard the corporate form.").

Accordingly, "Delaware Courts have built on this analysis and require an element of fraud to pierce the corporate veil." *Mason v. Network of Wilmington, Inc.*, No. CIV.A. 19434-NC, 2005 WL 1653954, at *3 (Del. Ch. July 1, 2005). "Effectively, the corporation must be a sham and exist for **no other purpose** than as a vehicle for fraud." *Id*; *Wallace*, 752 A.2d at 1184 (emphasis added). This "requisite element of fraud under the alter ego theory must come from an inequitable use of the corporate form itself as a sham, and **not from the underlying claim**." *EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*, No. CIV.A. 3184-VCP, 2008 WL 4057745, at *12 (Del. Ch. Sept. 2, 2008) (emphasis added). The fraud or similar injustice that must be demonstrated in order to pierce a corporate veil under Delaware law must, in particular, be found in the defendant's use of the corporate form. *In re Foxmeyer Corp.*, 290 B.R. 229, 236 (Bankr. D. Del. 2003) (internal citations and quotations omitted). "The underlying cause of action, at least by itself, does not supply the necessary fraud or injustice. To hold otherwise would render the fraud or injustice element meaningless, and would sanction bootstrapping." *Sears*, 744 F. Supp. at 1305.

Furthermore, the standard of proof a plaintiff must satisfy in order to pierce the corporate veil under Delaware law is greater than a preponderance of the evidence. *See In re Opus E., LLC*, 528 B.R. 30, 57 (Bankr. D. Del. 2015), aff'd sub nom. *In re: Opus E., LLC*, No. 09-12261, 2016 WL 1298965 (D. Del. Mar. 31, 2016) (invoking a standard of proof for piercing that is, "if not a clear and convincing evidence standard, at least somewhat greater than merely a preponderance of the evidence standard"). Neither Wen nor Kong are entitled to pierce the corporate veil of FCM or Foxcode applying Third Circuit or Pennsylvania law, much less under Delaware's more stringent requirement.

4

35633402v.3

1.  **Wen Is Not Entitled to Pierce the Corporate Veil of FCM Under Delaware's Heightened Requirement**

As an initial matter, Defendants have previously briefed and provided the court with evidence regarding the first five piercing factors and do not reiterate these here.

In an attempt to pierce the corporate veil and disregard the corporate form, Wen claims that: (1) the manner in which his funds were invested (i.e., to fuel Foxcode's merchant banking efforts, which spawned the US Shale $210 million closing) was inconsistent with how Wen says the money should have been deployed (i.e., some other manner of unspecified investment) and (2) certain of the Wen funds can be traced from the FFE account to the Foxcode account and then to Willis's account (Defendants dispute the amount, the impropriety, and most importantly, the harm in light of Willis's infusion of over $3 million of his own money into Foxcode in the relevant time period). These alleged acts cannot serve as the basis for a piercing claim as they are merely duplicative of Wen's claims for fraud under the PSA and breach of fiduciary duty, and the claim he should have brought for breach of contract, and do not tie in to FCM. *Sears* 744 F. Supp. at 1305 ("[T]he alleged fraud or inequity must be distinct from the tort alleged in the complaint. Any breach of contract and any tort [], in some sense, an injustice[.] The underlying cause of action does not supply the necessary fraud or injustice."); *Outokumpu Eng'g Enterprises, Inc. v. Kvaerner EnviroPower, Inc.*, 685 A.2d 724, 729 (Del. Super. Ct. 1996) ("The injustice [necessary to proceed with a piercing claim] must be more than the breach of contract alleged in the complaint").

The only argument that Wen makes in support of his piercing claim, other than the allegedly wrongful acts themselves, is that FCM is an entity controlled by Willis. Defendants do not dispute that FCM and Foxcode are closely held companies and that Willis controlled both. Sole, or predominant, control of an LLC does not justify disregarding the corporate form. As

explained in *In re Sunstates Corp. S'holder Litig.*, 788 A.2d 530, 534 (Del. Ch. 2001), under Delaware law:

> For the purposes of the corporation law, the act of one corporation is not regarded as the act of another merely because the first corporation is a subsidiary of the other, or because the two may be treated as part of a single economic enterprise for some other purpose. Rather, to pierce the corporate veil based on an agency or alter ego theory, the corporation must be a sham and exist for no other purpose than as a vehicle for fraud.

(Internal citations and quotations omitted). *Mason v. Network of Wilmington, Inc., No. CIV.A. 19434-NC*, 2005 WL 1653954, at *4 (Del. Ch. July 1, 2005) ("Being the sole shareholder of two different legal entities, housed in the same office building and possessing the same phone number at separate (and not sequential) times does not constitute a sham that exists for no other purpose than as a vehicle for fraud.") (internal citations and quotations omitted); *Outokumpu*, 685 A.2d at 729 ("Mere dominion and control of the parent over the subsidiary will not support alter ego liability."). Furthermore, the evidence detailed in the parties' prior briefing shows that Wen understood well the predominant role Willis was to personally play in managing the investment. (*See*, *e.g.*, Investment Summary, Jt. Ex. 27, 1261a-1265a, describing Willis, "Old Bao," as the owner of FCM and providing a commitment of a guarantee on property owned by Willis personally).

Wen has not satisfied the heightened requirement under Delaware law that FCM was created to be a sham with no purpose other than to impose a fraud upon Wen by Foxcode and Willis. Not only does Wen not argue this, evidence exists to the contrary, as Defendants' prior briefing also demonstrated that FCM was a viable entity well after the Wen investment. (*See*, *e.g.* Jt. Ex. 14, 872a-873a, Kong testifying that on March 17, 2014, FCM was contemplating entering into a joint venture; Jt. Ex. 16, 995a-996a, Willis testifying that in December 2013, FCM was still working on getting its FINRA application to become a licensed broker-dealer).

Wen also does not allege that the existence, use, or role, of FCM, in and of itself, somehow perpetrated a fraud or wrong upon Wen, and as such, the essential nexus between the corporate from and its use to commit a fraud necessary to proceed on a piercing claim is missing. *Doberstein v. G-P Indus., Inc.*, No. CV 9995-VCP, 2015 WL 6606484, at *4 (Del. Ch. Oct. 30, 2015) (finding that it is not enough to allege that the defendant made fraudulent statements and stating that "[t]hose types of allegations may or may not support a claim for fraud, but [defendant's] wrongful acts **must be tied to the manipulation of the corporate form** in order to make veil-piercing justifiable on grounds of equity. No such nexus is alleged here.") (emphasis added).  In sum, there is no evidence of the manipulation of the corporate form and, thus, it cannot be disregarded.

### 2. Kong Is Not Entitled to Pierce the Corporate Veil of Foxcode Under Any Veil Piercing Standards

In Kong's Counterclaim, Kong alleges five causes of action: (1) Breach of Contract-expenses; (2) PA Wage Payment and Collection law- expenses; (3) Unjust Enrichment-expenses; (4) Breach of Contract- 15% of all deals; and  (5) Fraud- 15% of all deals.  Kong then seeks to invade the corporate form of Foxcode to hold Willis personally liable on counts I, III, IV, and V.  Foxcode is a Delaware corporation, and for the same reasons stated above, Delaware law applies to Kong's attempt to disregard Foxcode's corporate form.  In order to do this under Delaware law, Kong would need to prove that Foxcode was created to be a sham entity with no other purpose than to impose a fraud upon Kong.  Kong has never alleged or argued this.  Even viewing all facts favorably as to Kong, it is factually impossible for this to be true.  It is undisputed that Foxcode was an ongoing, viable business enterprise that employed dozens of people, including Kong, which has filed tax returns, had employees, has voluminous books and records, and which pursued and entered into a number of deals, including the undisputedly

legitimate US Shale deal which has been the subject of this suit.  (*See* Jones Report, ¶¶ 97-102, 136, 137, Jt. Ex. 5, 356a-357a, 364a-365a; Flaherty Report, pp. 3-4, Jt. Ex. 6, 428a-429a).  There is no basis to claim that Foxcode was somehow a "sham" entity, and Kong himself does not claim that.  Simply put, Kong cannot show, and has not even alleged, that disputed facts exist that would merit disregarding Foxcode's corporate form under either Pennsylvania or Delaware law.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that Defendants' Motion for Partial Summary Judgment be granted and Wen's and Kong's Motions for Summary Judgment be denied.

[Signatures on the following page]

Respectfully submitted, this the 4th day of November, 2016.

        SEYFARTH SHAW LLP

        By:  *s/ Rebecca Woods*
        Rebecca Woods (admitted *pro hac vice*)
        rwoods@seyfarth.com
        975 F Street, N.W.
        Washington, DC  20004
        Telephone:  (202) 463-2400
        Facsimile:    (202) 641-9200

        Eric F. Barton (admitted *pro hac vice*)
        ebarton@seyfarth.com
        Stephanie A. Stewart (admitted *pro hac vice*)
        sastewart@seyfarth.com
        1075 Peachtree Street, N.E., Suite 2500
        Atlanta, GA  30309
        Telephone:  (404) 885-1500
        Facsimile:    (404) 892-7056

        Jacob Oslick, Pa. Bar. No. 311028
        joslick@seyfarth.com
        620 Eighth Avenue
        New York, New York  10018
        Telephone:  (212) 218-5500
        Facsimile:  (212) 218-5526
        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Rebecca Woods, hereby certify that on November 4, 2016, I served the foregoing DEFENDANTS' SUPPLEMENTAL BRIEF on the following counsel of record by electronic mail:

Jared D. Bayer
James H. Heller
1650 Market Street, Suite 2800
Philadelphia, PA  19103
jimheller@cozen.com
jbayer@cozen.com

Mathieu J. Shapiro
Rigel C. Farr
Obermayer Rebmann Maxwell & Hippel LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA  19102
mathieu.shapiro@obermayer.com

*s/ Rebecca Woods*
Rebecca Woods

35633402v.3